UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATICA MCBRIDE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>APPLE, INC.,<br><br>　　　　　　　　　　　Defendant. | Civil Action No.: __2:24-cv-6081__<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Matica McBride, ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Apple, Inc. ("Apple" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel, and review of public documents.

**PRELIMINARY STATEMENT**

1.　When a manufacturer sells a product, it has a duty to ensure that the product functions properly for its advertised use and is free from defects. When a manufacturer discovers a defect, it must explicitly disclose the defect and make it right or cease selling the product. When a product manufacturer provides a warranty, it must stand by that warranty. This case arises from Defendant's breach of its duties and rules.

2.　Plaintiff brings this action on behalf of herself, and all other similarly situated persons who purchased Apple AirPods Pro Generation One Headphones ("AirPods Pro Gen 1" or "AirPods")

1

3.  This action is brought to remedy various violations of law in connection with Defendant's manufacturing, marketing, advertising, selling and warranting of the AirPods Pro Gen 1.

4.  Specifically, Apple admits that AirPods Pro Gen 1 have an audio defect that causes them to exhibit crackling or static sounds, loss of bass sounds, or an increase in background sounds. These "sound issues," which Apple acknowledges on its own support page, are referred to herein as the "Audio Defect."[1]

5.  Plaintiff brings this case against Apple because Apple touted its AirPods Pro Gen 1's superior audio and noise-canceling qualities and sold AirPods Pro Gen 1 to consumers nationwide even though its AirPods Pro Gen 1 had an Audio Defect.

6.  The functionality of audio components is a material and essential feature of any headphones. Reasonable consumers expect that high-end, high-priced headphones like Apple's AirPods Pro Gen 1, which Apple advertised as having noise cancelling features and superior sound compared to other headphones, would have consistently functioning, high-quality audio.

7.  Reasonable consumers, including Plaintiffs, likewise would not have purchased Apple's AirPods Pro Gen 1 had they known that Apple's representations about audio functionality and quality were false and misleading, and that the AirPods Pro Gen 1 contained an Audio Defect that caused "sound issues" such as crackling, static, and interruption and loss of sound.

8.  Plaintiff and similarly situated Class Members bought defective AirPods Pro Gen 1 headphones at a premium price when they, in fact, have "sound issues" that make the headphones worth less than what they paid for them. As a result of Apple's false and misleading advertising,

---

[1] https://support.apple.com/airpods-pro-service-program-sound-issues

2

and sale of its AirPods Pro Gen 1 with an Audio Defect, Plaintiffs and the proposed Class have suffered damages.

9. Plaintiff and similarly situated Class Members would not have purchased their AirPods Pro Gen 1 or they would have paid less had they known that Apple's advertising was false and misleading, and that the AirPods Pro Gen 1 contained an Audio Defect.

10. Accordingly, Plaintiff brings this action, individually and on behalf of a nationwide class of similarly situated owners of Apple's AirPods Pro Gen 1 headphones for violation of Pennsylvania's consumer protection and warranty laws.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

12. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself to the laws, rights, and benefits of the State of Pennsylvania. Defendants are engaged in activities in Pennsylvania including (i) directly and/or through its parent companies, affiliates and/or agents providing services throughout this forum (ii) conducting substantial business in this forum; and/or (iii) engaging in other persistent courses of conduct and/or deriving substantial revenue from services provided in Pennsylvania and in this judicial District.

13. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Moreover, the Defendant sells and distributes their products throughout the United States and in this district.

**PARTIES**

14. Matica McBride is a resident and citizen of Dauphin County, Pennsylvania. At all times relevant hereto, she has resided in Pennsylvania.

15. Defendant Apple Inc. is a corporation incorporated under the laws of the State of California. Apple's corporate headquarters and principal place of business are located in Cupertino, California.

**FACTUAL ALLEGATIONS**

16. Apple announced the launch of its AirPods Pro Gen 1 on October 28, 2019, and released them to the public on October 30, 2019. Apple continued to sell AirPods Pro Gen 1 until September 7, 2022.

17. From its first press release announcing AirPods Pro Gen 1, on October 28, 2019, Apple publicly touted the first generation AirPods Pro Gen 1's noise cancelling features, superior, clear sound, and high audio quality.[2] Apple also highlighted that the design of the first generation AirPods Pro Gen 1 had superior audio capabilities compared to other headphones by providing a "superior noise-canceling experience," through the combination of two microphones and "advanced software" that was purportedly removed unwanted background noise.[3]

18. Based on Apple's active and persistent marketing promotions touting the quality of its AirPods Pro Gen 1 and her admiration of Apple as a company, Plaintiff considered Apple a quality company with a strong reputation for producing reliable products.

19. Since October 2019, Defendant designed, manufactured, distributed, and sold the AirPods Pro Gen 1 to the general public, including without limitation, plaintiff and the members of

---

[2] https://www.apple.com/newsroom/2019/10/apple-reveals-new-airpods-pro-available-october-30/
[3] *Id.*

4

the Class. Defendant sold, directly or indirectly, through dealers and other retail outlets, millions of AirPods Pro Gen 1's in Pennsylvania and nationwide.[4]

20. Soon after the release of the AirPods Pro Gen 1 in October 2019, numerous consumers started complaining to Apple.

21. Although Apple admitted to the defect as far back as October 2019, Apple continued to sell AirPods Pro Gen 1 with a known Audio Defect for hundreds of dollars a pair until September 2022.

22. Apple's first publicly admitted to these sound issues when it published a support page, "AirPods Pro Service Program for Sound Issues"—stating that it would replace earbuds manufactured before October 2020 with a confirmed issue, if a user succeeded in following Apple's process for obtaining a replacement. But the replacement set of AirPods Pro Gen 1 contained the same Audio Defect. In other words, those users simply received another defective set of AirPods Pro Gen 1, with many users later experiencing the Audio Defect with the defective replacement set as well.[5] Apple failed to cure the defect as required by law.

23. As a result, Plaintiff continues to be burdened with AirPods that have been devalued by Defendant's actions. The value of AirPods with a known defect is worth far less than properly working and defect free AirPods.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

---

[4] https://www.statista.com/statistics/1421624/apple-airpods-unit-sales/
[5] https://support.apple.com/airpods-pro-service-program-sound-issues

**Nationwide Class:** All persons or entities in the United States that purchased Apple AirPods Pro Gen 1.

**Pennsylvania Subclass:** All persons in Pennsylvania that purchased Apple AirPods Pro Gen 1.

25.    Together, the Nationwide Class and the Pennsylvania Subclass will be collectively referred to as the "Class" or "Classes." Members of these Classes will be referred to as "Class Members".

26.    Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraphs.

27.    Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

28.    The proposed class definitions in ¶ 24 as limited by ¶ 27 may be amended or modified from time to time.

29.    The particular members of the (i) Nationwide Class, and (ii) Pennsylvania Subclass are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from public records.

30.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31. The Proposed Classes are so numerous that the joinder of all members is impracticable.

32. This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

33. **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

34. **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased an AirPods Pro Gen 1 that contained the same Audio Defect found in all other AirPods Pro Gen 1.

35. **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class that she seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class action litigation, and she intends to prosecute this action vigorously. The interests of the Class and Subclass will be fairly and adequately protected by Plaintiff and her counsel.

36. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual class members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

37. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

   a. Whether the AirPods Pro Gen 1 suffer from an Audio Defect that causes "sound issues" to manifest;

   b. Whether Apple engaged in the misrepresentations and omissions alleged herein;

   c. Whether Apple breached its express warranties as alleged herein;

   d. Whether Apple designed, manufactured, marketed, distributed, sold or otherwise placed the AirPods Pro Gen 1 into the stream of commerce in the United States knowing that they suffered from the Audio Defect;

   e. Whether Apple intentionally concealed the Audio Defect in the AirPods Pro Gen 1 from consumers;

   f. Whether Plaintiffs and the other Class Members have been harmed by Apple's conduct as alleged herein;

   g. Whether Apple was unjustly enriched by its deceptive practices; and

   h. Whether Plaintiffs and the Class are entitled to equitable or injunctive relief.

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY

38. Plaintiff incorporates paragraphs 1-37 as if fully set forth herein.

39. Plaintiff brings this count on behalf of herself and the Classes.

40. Plaintiff and other Class Members formed a contract with Defendant at the time they purchased their Recalled Pressure Cookers. The terms of the contract include the promises and affirmations of fact and express warranties made by Defendant.

41. The terms of the contract include the promises and affirmations of fact made by Defendant on AirPods packaging and through marketing and advertising, as described above.

42. This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Class and Defendant.

43. As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Gen 1 AirPods Pro are of "superior sound quality"

44. Plaintiff and the members of the Class performed all conditions precedent to Defendant's liability under this contract when they purchased the Gen 1 AirPods Pro.

45. Defendant breached express warranties about the AirPods and their qualities because Defendant's AirPods contained Defects which do not conform to Defendant's affirmations and promises described above.

46. Plaintiff and each of the members of the Class would not have purchased Gen 1 AirPods Pro had they known the true nature of the Defect.

47. As a result of Defendant's breach of warranty, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

48. Plaintiff suffered injury through Defendants conduct in that she suffered economic loss and purchased AirPods that are now worth much less.

49. Plaintiff also suffered economic loss in reference to the value of her AirPods.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

50. Plaintiff incorporates Paragraphs 1-37 as if fully set forth herein.

51. Plaintiff brings this count on behalf of herself and the Classes.

52. Defendant is a merchant and was at all relevant times involved in the distributing, warranting, and/or selling of the Gen 1 AirPods Pro.

53. The AirPods are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the AirPods, as goods, were purchased.

54. Defendant entered into agreements with consumers to sell the AirPods to be used by Plaintiff and Class Members for personal use.

55. The implied warranty of merchantability included with the sale of each AirPods means that Defendant guaranteed that the AirPods would be fit for the ordinary purposes for which AirPods are used. The implied warranty of merchantability is a critical part of the basis for the benefit of the bargain between Defendant, Plaintiff, and the Class Members.

56. Defendant breached the implied warranty of merchantability because the AirPods are not fit for their ordinary purpose of producing reliable sound. After all, Defendant did not indicate that the AirPods would malfunction.

57. Given that Plaintiff and Class Members are unable to enjoy their AirPods without constant malfunctions, the AirPods are not fit for their particular purpose.

58. Defendant's warranty expressly applies to the purchaser of the AirPods, creating privity between Defendant and Plaintiff and Class Members.

59. Privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and sales. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

60. Defendant had been provided sufficient notice of its breaches of implied warranties associated with the AirPods. Defendant was put on actual notice of its breach through the contract between Plaintiff and Class Members and Defendant, and its review of consumer complaints as well as Defendant's own Service Program.

61. Had Plaintiff, Class Members, and the consuming public known that the AirPods would be defective, they would not have purchased the AirPods or would have paid significantly less for them.

62. As a direct and proximate result of the foregoing, Plaintiff and the Classes suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

63. Plaintiff also suffered economic loss in reference to the value of her AirPods.

## COUNT III
## FRAUD BY OMISSION OR FRAUDULENT CONCEALMENT

64. Plaintiff incorporates Paragraphs 1-37 as if fully set forth herein.

65. Plaintiff brings this count on behalf of herself and the Classes.

66. Defendant knew that the AirPods suffered from an inherent sound defects, were defectively designed and/or manufactured, and were not suitable for their intended use. Defendant designed, engineered, and produced the AirPods, as such, they knew of the faulty design contained within them as Defendant in fact created their own Defect.

67. Defendant concealed from and failed to disclose to Plaintiff and Class Members the defective nature of the AirPods.

68. The fact that Defendant's AirPods contained a Defect is a material fact.

69. Defendant was knowledgeable of the falsity of the sound Defect and/or recklessly disregarded the truth or falsity of the nature of the Defect.

70. Defendant intended for Plaintiff to act upon such falsity as part of Defendant's commercial operations to sell the AirPods.

71. Plaintiff and Class Members would not have purchased the AirPods had they known of such Defect. Plaintiff and the Class did not know of such Defect and relied upon the false presentation of safety in their purchases of the AirPods.

72. Plaintiff did not know, and could not have discovered the Defect without thorough inspection.

73. Defendant was under a duty to Plaintiff and Class Members to disclose the defective nature of the AirPods because:

   a. Defendant was in a superior position to know the true state of facts about the Defect contained in the AirPods;

   b. The omitted facts were material because they directly impact the hearing experience;

   c. Defendant knew the omitted facts regarding the defect were not known to or reasonably discoverable by Plaintiff and Class Members;

   d. Defendant actively concealed the defective nature of the AirPods from Plaintiff and Class Members.

74. The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase Defendant's AirPods or pay a lesser price for them.

75. Had Plaintiff and Class Members known about the defective nature of the AirPods, they would not have purchased them or would have paid less for them.

76. Defendant concealed, or failed to disclose, the true nature of the design and/or manufacturing defects contained in the AirPods to induce Plaintiff and Class Members to act

thereon. Plaintiff and the other Class Members justifiably relied on Defendant's omissions to their detriment. This detriment is evident from Plaintiff's and Class Members' purchase of Defendant's defective AirPods.

77. As a direct and proximate result of Defendant's misconduct, Plaintiff and Class Members have suffered and will continue to suffer actual damages. Plaintiffs and the Class reserve their right to elect either to (a) rescind their purchase of the Defective AirPods and obtain restitution or (b) affirm their purchase of the Defective AirPods and recover damages.

78. Defendant's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class's rights and well-being to enrich Defendant. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

79. Plaintiff suffered injury through Defendant's conduct in that she suffered economic loss.

## COUNT IV
## UNJUST ENRICHMENT

80. Plaintiff incorporates paragraphs 1-37 as if fully set forth herein.

81. Plaintiff brings this count on behalf of herself and the Classes.

82. Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless AirPods.

83. Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

84. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for the AirPods without providing a product free of Defects, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

85. The circumstances, as described herein, are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

86. Defendant manufactured, marketed, and sold the AirPods under the guise of these AirPods being "superior sound quality". Instead, Defendant sold AirPods that were far from the quality advertised.

87. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of herself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Classes Members of the pendency of this action;

C. Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Instituting an injunction requiring that Defendant engage in a corrective notice campaign and/or a recall;

E. Scheduling a trial by jury in this action;

F. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

G. Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

H. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: November 13, 2024                                   Respectfully submitted,


*/s/ Stuart J. Guber*
Stuart J. Guber, Esq. PA Bar No. 60772
Paul J. Doolittle, Esq. (*Pro Hac Vice* forthcoming)
**POULIN | WILLEY ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email: stuart.guber@poulinwilley.com
          paul.doolittle@poulinwilley.com
          cmad@poulinwilley.com